# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Stored Electronic Communications from Motorola cell<br>phone Serial # HT19LM801694 Model ADR6325 | )<br>)<br>) Case No. 1:11-mj-247<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:  Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Eastern____ District of ____Tennessee____
*(identify the person or describe the property to be searched and give its location)*:
Electronic storage of communications from Motorola cell phone, Serial # HT19LM801694, Model # ADR6325, (taken from Christopher Wright upon his arrest) now in possession of Special Agent Harmon Thomasson.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
Telephone numbers stored in cell phone, recroded numbers of incoming, outgoing, or missed calls, or logged as return call phone numbers and/or stored text messages. All evidence of controlled substance transactions.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before        November 8, 2011
                                                                              *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
Susan K. Lee                                       .
                *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for ~~90~~ days *(not to exceed 30)*.
                                                                     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 10/25/11 @ 3:47 p.m.         _____
                                                                              *Judge's signature*

City and state:  Chattanooga, Tennessee            Susan K. Lee, U.S. Magistrate Judge
                                                                              *Printed name and title*

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Stored Electronic Communications from Motorola<br>cell phone Serial # HT19LM801694 Model ADR6325 | ) ) ) ) ) ) Case No. 1:11-mj-247 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Electronic storage of communications from Motorola cell phone, Serial # HT19LM801694, Model # ADR6325, (taken from Christopher Wright upon his arrest) now in possession of Special Agent Harmon Thomasson.

located in the ____Eastern____ District of ____Tennessee____, there is now concealed *(identify the person or describe the property to be seized)*:
Telephone numbers stored in cell phone, recroded numbers of incoming, outgoing, or missed calls, or logged as return call phone numbers and/or stored text messages. All evidence of controlled substance transactions.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Possession with intent to distribute a controlled substance. |
| 21 U.S.C. 846 | Conspiracy to distribute a controlled substance. |
| 21 U.S.C. 843(b) | Using a communication facility in facilitating the commission of a felony. |

The application is based on these facts:

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Harmon Thomasson*
Applicant's signature

Harmon Thomasson, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 10/25/11

*Judge's signature*

City and state: Chattanooga, Tennessee

Susan K. Lee, U.S. Magistrate Judge
Printed name and title

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: 10-26-11 0830 | Copy of warrant and inventory left with: |
| Inventory made in the presence of : JEFF SILL. | | |
| Inventory of the property taken and name of any person(s) seized: CELL TELEPHONE RECORDS. | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10-26-11

H D Thomasson
*Executing officer's signature*

H.D. THOMASSON
*Printed name and title*

# AFFIDAVIT FOR SEARCH WARRANT

I Harmon D. Thomasson, being duly sworn, depose and say:

1. Your affiant is a Special Agent with the Georgia Bureau of Investigation [GBI} and also holds a special deputization with the U.S. Department of Justice through the Drug Enforcement Administration [DEA] in Chattanooga, Tennessee. Your affiant has been employed as a Special Agent with the GBI for approximately 25 years. Further your affiant has a total of approximately 36 years of law enforcement experience on the County, City, State and Federal level. Your affiant has had training with respect to narcotics violations and has been involved in numerous investigations involving narcotics. The information contained in this affidavit has been obtained by your affiant through personal observation and investigation, information related to your affiant by fellow law enforcement officers, and witness/informant statements. This affidavit is submitted in support of a search warrant for a cell phone belonging to Christopher Wright, a subject of DEA case number KX-10-0031.

2. As a result of my training and experience, I am familiar with how various drugs are used and smuggled, and the typical distribution and trafficking methods utilized by drug traffickers. In addition, I am familiar with the typical methods used by traffickers to "courier" and clandestinely transport controlled substances in vehicles. I am also aware of the role that cellular telephones can play in offenses relating to the trafficking of controlled substances. Cellular telephones are useful to maintain constant communication with suppliers, customers and other individuals involved in these drug trafficking organizations. Couriers transporting drugs often use cellular telephones to remain in frequent contact with individuals to whom or for whom they are delivering the drugs. Telephone numbers for

1

associates involved in these schemes may also be stored in the telephone directory, recorded as incoming, outgoing or missed calls, or logged as return call phone numbers and/or stored text messages.

3. I make this affidavit in support of an application of the United States of America for the issuance of a search warrant to search for and seize evidence of violations of 21 U.S.C. §§ 841(a)(1), 846. The property to be searched consists of cellular telephone: a black and silver Motorola Verizon Model ADR6325, assigned telephone number 423-827-7420, Serial Number HT19LM801694 (a number that Verizon verified to affiant would be unique to the telephone taken from Christopher Wright). The above item is currently in the possession of your affiant.

4. On December 6, 2010, a Confidential Source (CS) made a controlled purchase of OPANA, also known as Oxymorphine (a pain medication) from Christopher Wright and Guy Dylan Jackson in the Eastern Federal District of Tennessee.

5. On October 20, 2011, your affiant and Catoosa County, Georgia Narcotics Detective James Stockard interviewed Wendy Holdbrooks at the Ringgold Police Department in Ringgold, Georgia. Holdbrooks related information regarding the theft of a utility trailer from Catoosa County, Georgia by Holdbrooks, Guy Dylan Jackson and Christopher Wright. The theft was verified with a Police report. Partial payment in the form of four, 40 milligram Opana was made by Wright to Jackson in the presence of Holdbrooks for assisting in the theft and delivery the trailer. This payment was made in the Eastern Federal District of Tennessee where the stolen trailer was delivered to Alton Roy Jiles.

6. Subsequent investigation into Wright's Oxycontin, Oxymorphine distribution activities revealed that Wright is heavily involved in an

2

Case 1:11-mj-00247-SKL    Document 1    Filed 10/25/11    Page 5 of 9    PageID #: 5

organization trafficking large amounts of Oxycontin, Oxymorphine from Georgia into Tennessee. Your affiant has interviewed a number of co-conspirators who made statements against penal interest. Those cooperating sources have admitted to being members of Wright's drug trafficking organization and have identified Wright as a major source of supply of Oxycontin and Oxymorphine in the Eastern District of Tennessee. These cooperating sources of information have further revealed that Wright utilized several Oxycontin and Oxymorphine sources of supply in Georgia and Tennessee and indicate that they have been present at times when Wright would make telephone calls to the sources using his cell phone. During those telephone conversations Wright would order more Oxycontin and Oxymorphine.

7. On October 21, 2011, your affiant and Catoosa County, Georgia Detective James Stockard interviewed Alton Jiles, one of Wright's sources of supply for OPANA (Oxymorphine). Jiles indicated that Wright had indeed utilized Wright's cellular telephone (423- 827-7420) to call the source regarding a stolen utility trailer Wright sold to Jiles during the time frame of the conspiracy. Since the relationship with Wright began, Jiles has continued to use the same cellular telephone.

8. On October 21, 2011 agents arrested Christopher Wright in the Eastern District of Tennessee as a fugitive from Georgia for the theft of the utility trailer. Subsequent to advice and waiver of Miranda rights, Wright admitted making numerous purchases of OPANA from Jiles in the Eastern District of Tennessee and utilizing Wrights cellular telephone to complete the purchases during 2011. At the time of the arrest and before the booking process of Wright, your affiant viewed one of Wrights text messages on the cellular telephone in Wright's possession. Your affiant observed the message from an unknown individual was requesting that Wright supply the unknown subject with "a half" at lunch. Wright initially refused a

3

consent search of Wrights cellular telephone, however, after his arrest, Wright gave agents consent to search the telephone. That offer was declined by the affiant. Wright indicated that Jiles had called Wright on Wright's telephone, number 423-827-7420, earlier on October 21, 2011 regarding the crime and the fact that agents had questioned Jiles regarding the utility trailer theft.

9. Based on your Affiant's knowledge, training, and experience, your Affiant believes that there is probable cause to believe evidence of violations of 21 U.S. C. §§ 841 (a)(1), and 846 will be found in the contents of the cellular telephone utilizing number 423-827-7420. Your Affiant here by request authorization to search and seize the following evidence:

843(b), *[handwritten]*

All data records relating to violations of 21 U.S. C. §§ 841 (a)(1), and 846, including lists of customers phone numbers and related identifying information; types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions; and information related to sources of narcotic drugs (including names, addresses, phone numbers, or any other identifying information); any information relating to Wrights receipt, possession, transfer or transportation of drugs, and any information recording Wright's schedule or travel.

The terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any electrical, or electronic form (such as any information stored on an electronic device, including pagers and cell phones, any handmade form (such a writing, drawing, painting)); and any mechanical form (such as printing or typing).

10. Based upon your Affiant's knowledge, training and experience, your Affiant knows that searching and seizing information from cell phone and pagers

often requires agents to seize most or all electronic storage devices (along with related peripherals) to be searched. This is true because of the following:

(a) The volume of evidence. Cell phones and text pagers can store hundreds of names and numbers. The sorting process for these names and numbers can take weeks or months, depending on the volume of data stored.

(b) Technical Requirements. Searching cell phones and text pagers systems for criminal evidence can be a highly technical process requiring expert skill and a properly controlled environment. This is due to efforts by subjects to lock the devices in order to prevent others from accessing the information store within. The vast array of computer technology requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search, which expert is qualified to "unlock" and analyze the specific system and the data stored within. In any event, however, data search protocols are designed to protect the integrity of the evidence and to recover even "hidden," erased, compressed, password-protected, or encrypted files.

11. In light of these difficulties, your Affiant requests permission to use whatever data analysis techniques appear necessary to locate and retrieve the evidence describe in above.

*Harmon Thomasson*
Special Agent Harmon Thomasson
Georgia Bureau of Investigation

Sworn to and subscribed before me

this __25___ day of October, 2011

_____
Susan K. Lee

U.S. Magistrate Judge